**Kachi Faustina NNACHI–ANYDIEG-WU, aka Anissa Keishon Lewis: aka Kachi Nnachi Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–72996.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2005.

Decided June 14, 2005.

---

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Reynold E. Finnegan, Esq., Finnegan & Diba, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Cindy S. Ferrier, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT and W. FLETCHER, Circuit Judges, and RESTANI,** Judge.

### MEMORANDUM ***

Petitioner Kachi Faustina Nnachi–Anydiegwu, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Although the BIA disagreed with the IJ's finding of adverse credibility, it agreed that Nnachi–Anydiegwu failed to demonstrate that her past persecution and fear of future persecution were related to her religion, political opinion, or membership in a particular social group. The BIA also agreed that she failed to establish that there was a clear probability of persecution or that it was more likely than not that she would be subjected to torture if returned to Nigeria. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part,

** The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

grant the petition in part, and remand for further proceedings.

An alien seeking asylum must show that she is "unable or unwilling" to return to her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). In this case, the BIA concluded that although Nnachi–Anydiegwu was credible, her claims for asylum failed because she did not demonstrate persecution on account of her Christian religion or anti-gang political opinion, or show a well-founded fear of female genital mutilation ("FGM").

■ The BIA's finding that Nnachi–Anydiegwu failed to establish persecution on account of religion or political opinion is supported by substantial evidence. *See Avetova–Elisseva v. INS,* 213 F.3d 1192, 1196 (9th Cir.2000). Although Nnachi–Anydiegwu's persecutor knew that she was Christian and that she was opposed to gang violence, there is no evidence that he threatened her, beat her up, ransacked her house, or appeared at her parents' home "because of" those grounds. *See INS v. Elias–Zacarias,* 502 U.S. 478, 482–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (explaining that although direct proof of a persecutor's motives is not necessary, an alien must provide some evidence that she was persecuted "because of" a protected ground). Moreover, none of the circumstantial evidence relied upon by Nnachi–Anydiegwu indicates that the Nigerian vigilante gangs, such as the one to which her persecutor belonged, targeted their victims on account of religion or anti-gang opinions. In other words, there are no " '[o]bvious signs' connecting persecutory acts to the alleged persecutors and suggesting the alleged persecutors' motives." *Karouni v. Gonzales,* 399 F.3d 1163, 1174 (9th Cir.

2005) (alteration in original) (citation omitted). Thus, we deny the petition regarding asylum on account of religion and political opinion.

■ The BIA's finding that Nnachi–Anydiegwu failed to show a well-founded fear of FGM, however, is not supported by substantial evidence. A well-founded fear of FGM is a basis for granting asylum. *Mohammed v. Gonzales,* 400 F.3d 785 (9th Cir.2005); *In re Kasinga,* 21 I. & N. Dec. 357, 358 (BIA 1996). To establish a well-founded fear of persecution, a petitioner must show her fear to be both subjectively genuine and objectively reasonable. *Reyes–Guerrero v. INS,* 192 F.3d 1241, 1244 (9th Cir.1999). Because the BIA found that Nnachi–Anydiegwu credibly testified that she feared her father would subject her to FGM after reaching age 18, she meets the subjective requirement. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003).

The record evidence also demonstrates the objective requirement. The record indicates that Nnachi–Anydiegwu's father subjected all three of her sisters who reached the appropriate age to the procedure. *See Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991) (explaining that "violence against a petitioner's ... family members may establish a well-founded fear, notwithstanding an utter lack of persecution against the petitioner herself"). Furthermore, Nnachi–Anydiegwu's presence in Nigeria for some months after turning 18 does not defeat eligibility for asylum. *See Lim v. INS,* 224 F.3d 929, 935 (9th Cir.2000) ("Although relevant, a post-threat harmless period need not vanquish an asylum claim, particularly where significant evidence suggests that the threats are becoming more menacing.").

Accordingly, we find Nnachi–Anydiegwu eligible for asylum and grant the petition on account of her membership in a particu-

lar social group. Because all the relevant issues with regard to eligibility have been determined, a remand under *INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), is unnecessary. *See id.* at 17, 123 S.Ct. 353 ("The agency … can make an initial determination; and, in doing so … help a court later determine whether its decision exceeds the leeway that the law provides."). Rather, we remand this matter for the Attorney General to exercise his discretion as to whether to grant asylum on this basis. *See* 8 U.S.C. § 1158(b)(1). Furthermore, if the Attorney General decides not to grant asylum, the BIA shall consider the withholding of deportation and the CAT claims in light of our holding that Nnachi–Anydiegwu possesses a well-founded fear of FGM.

Petition for review DENIED in part; GRANTED in part; REMANDED.